**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MANASSEH N. CORDER,

              Plaintiff

      v.

DR. LAUREL HARRY, *et al.*

              Defendants.

CIVIL ACTION NO. 1:25-cv-01700

(MEHALCHICK, J.)

**MEMORANDUM**

Currently pending is Defendants' motion to dismiss the complaint for a failure to state a claim (Doc. 19) and Plaintiff's motion to withdraw the complaint (Doc. 25). The Court will grant Plaintiff's motion to withdraw his complaint and deny Defendants' motion to dismiss as moot.

## I.    BACKGROUND

The Court received and docketed a complaint on September 11, 2025 filed by Plaintiff Manasseh N. Corder ("Corder"). (Doc. 1). Corder also filed a motion to proceed *in forma pauperis*. (Doc. 5). On October 24, 2025, the Court granted Corder's motion to proceed *in forma pauperis* and served the complaint on the named Defendants. (Doc. 10). On December 23, 2025, Defendants filed a motion to dismiss the complaint for a failure to state a claim upon which relief may be granted. (Doc. 19). Defendants filed a brief in support of their motion on January 6, 2026. (Doc. 23.) Corder filed a brief in opposition on January 21, 2026. (Doc. 24.)

On March 17, 2026, the Court received and docketed Corder's motion to withdraw his case. (Doc. 25).

**II.   DISCUSSION**

While Corder did not move to withdraw his claim pursuant to any specific statutory authority, the language of his motion is unambiguous that he seeks to end his civil action: "[i]n accordance with local state law, and The Federl Rules of Civi Procedure hereby desire, out of my own free will without coercion of any type, to withdraw this suit of law, I do hereby declare that no furth[er] actions will be taken legal or otherwise in aforesaid civil Action No. 1:25-CV-1700." (Doc. 25). This motion indicates that he seeks to voluntarily dismiss this action in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41 (a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This district has held the following regarding such motions:

> A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." . . . In ruling on a motion to dismiss under Rule 41 (a)(2), a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.... [T]he Third Circuit has taken a restrictive approach to granting dismissal without prejudice.

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted). Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re*

*Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990).  *See generally* Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to habeas proceedings).

Having considered these several factors and finding that no significant prejudice to the Defendants would result, the Court will grant Corder's motion and dismiss the petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

**III.    CONCLUSION**

For the above stated reasons, the Court will grant Corder's motion to withdrawal the complaint and dismiss the complaint without prejudice. As a result, the Court will deny Defendants' motion to dismiss as moot.

An appropriate order follows.

**Dated: April 2, 2026**                                    *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **United States District Judge**